1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RICHARD BERNHARD GRAY,              Case No.  1:25-cv-00410-HBK

12              Plaintiff,                SCREENING ORDER

13         v.                             JUNE 16, 2025 DEADLINE

14    FRESNO POLICE DEPARTMENT,

15              Defendant.

16

17         Plaintiff commenced this action on April 9, 2025, by filing a form "Complaint for Civil

18  Case."  (Doc. No. 1, "Complaint").  The Court granted Plaintiff's application to proceed *in forma*

19  *pauperis*.  (Doc. No. 5).  Plaintiff's Complaint is currently before the Court for screening pursuant

20  to 28 U.S.C. § 1915(e)(2)(B).  Upon review, the Court finds the Complaint does not set forth a

21  basis for federal subject matter jurisdiction and otherwise fails to state a cognizable claim for

22  relief.  The Court will afford Plaintiff an opportunity to file an amended complaint before

23  recommending this case be dismissed for lack of subject matter jurisdiction.

24                      **SCREENING REQUIREMENT AND STANDARD**

25         Because Plaintiff is proceeding *in forma pauperis*, the Court may dismiss a case "at any

26  time" if the Court determines, *inter alia*, the action is frivolous or malicious, fails to state claim

27  on which relief can be granted, or seeks monetary relief against a defendant who is immune from

28  such relief.  28 U.S.C § 1915(e)(2)(B)(ii)-(iii); *see also Lopez v. Smith*, 203 F. 3d 1122, 1129 (9th

1   Cir. 2000) (section 1915(e) applies to all litigants proceeding *in form pauperis*).  A complaint,

2   however, should not be dismissed unless it appears beyond doubt that the plaintiff can prove no

3   set of facts in support of his or her claim that would entitle him to relief.  *Johnson v. Knowles,*

4   113 F.3d 1114, 1117 (9th Cir.), *cert. denied,* 552 U.S. 996 (1997).  A complaint must include a

5   short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ.

6   P. 8(a).  Dismissal for failure to state a claim in this context is governed by the same standard as

7   dismissal under Federal Rule of Civil Procedure 12(b)(6).  *Barren v. Harrington*, 152 F. 3d 1193,

8   1194 (9th Cir. 1998).  As such, a complaint must contain sufficient factual matter to state a claim

9   to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A complaint

10  is plausible on its face when it contains sufficient facts to support a reasonable inference that the

11  defendant is liable for the misconduct alleged." *Id*.  At this stage, the court accepts the facts

12  stated in the complaint as true. *Hosp. Bldg. Co. v. Rex Hosp. Tr.*, 425 U.S. 738, 740 (1976).  The

13  Court does not accept as true allegations that are merely conclusory, unreasonable inferences, or

14  unwarranted deductions. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

15  Nor are legal conclusions considered facts. *Iqbal*, 556 U.S. at 678.

16      Due to Plaintiff's pro se status, the Court must liberally construe the Complaint in the

17  light most favorable to the Plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt*

18  *v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003).  If a pleading could be cured by the allegation

19  of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal

20  of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc); *Lucas v.*

21  *Department of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).  However, it is not the role of the Court to

22  advise a litigant on how to cure the defects.  Such advice "would undermine district judges' role

23  as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d

24  at 1131 n.13.

25                          **SUMMARY OF OPERATIVE COMPLAINT**

26      Plaintiff names Fresno Police Department as sole defendant in his Complaint.  (Doc. No. 1

27  at 1-2).  Under the "Basis of Jurisdiction" section of the Complaint, Plaintiff checks "Federal

28  question."  (*Id*. at 3).  Under the section of the form where Plaintiff is directed to provide

"specific federal statutes, federal treaties, and/or provisions of the United States Constitution" as the basis of Federal Question Jurisdiction, he states "my complaints were never investigated, and ignored." (*Id.* at 4, unedited).  Plaintiff states the amount in controversy is $45,000,000. (*Id.* at 5).

Due to its brevity, the Court cites in full Plaintiff's statement of claim:

> My phone calls that were made were never had a response [illegible].
> An investigation was never done. And officers were focused on
> setting me up to receive third striker.

(*Id.* at 5, unedited).  Under the relief section, Plaintiff includes: "The person who I was calling about was throwing rocks at my house and my truck, resulting in damage to the stucco siding of my home. Front grille stolen from truck." (*Id.* at 6, unedited).  From what the Court can discern, liberally construed, the Complaint appears to seek monetary damages for the Defendant's alleged failure to investigate his complaints of vandalism and stolen property.

## DISCUSSION

### A.  Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  "[S]ubject matter jurisdiction of the district court is not a waivable matter and may be raised at any time by one of the parties, by motion or in the responsive pleadings, or *sua sponte* by the trial or reviewing court." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n.2 (9th Cir. 1988).  A federal court is presumed to lack subject matter jurisdiction, and a plaintiff bears the burden of establishing that subject matter jurisdiction is proper. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  The "presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386 (1987).  If a federal court lacks subject matter jurisdiction, the action must be dismissed.  Fed. R. Civ. P. 12(h)(3).

A federal question is presented in an action when the claim "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides

1   that federal jurisdiction exists only when a federal question is presented on the face of the

2   plaintiff's properly pleaded complaint.  *See Gully v. First National Bank*, 299 U.S. 109, 112–113

3   (1936).

4          Liberally construed, the Complaint suggests that Plaintiff may have been the victim of

5   property damage and theft, and that Defendant failed to investigate or prevent these crimes.  No

6   matter how liberally construed, the Court cannot independently discern from the face of the

7   Complaint what federal question is presented.  Not every action, undertaken or not undertaken, by

8   police give rise to a constitutional violation.  Here, Plaintiff's allegations do not adequately allege

9   a custom or policy by the Fresno Police Department, the sole name defendant, or otherwise

10  implicate the United States Constitution or any federal statutes.  *See Conachen v. Boundary Cnty.*

11  *Sheriff's Dep't*, 2011 WL 1655566, at *17 (D. Idaho Apr. 29, 2011) (Generally, "[s]tate officials

12  have no constitutional duty to protect the public from crime" nor do "police officers [ ] have an

13  affirmative duty to investigate crimes in a particular manner." (first citing *DeShaney v.*

14  *Winnebago Cnty. Dep't of Soc. Servs*., 489 U.S. 189, 200 (1989); then citing *Balistreri v. Pacifica*

15  *Police Dep't*, 901 F.2d 696, 699–700 (9th Cir. 1988); and then citing *Gini v. Las Vegas Metro.,*

16  *Police Dep't*., 40 F.3d 1041, 1045 (9th Cir.1994))).  To the extent that Plaintiff seeks to bring a

17  claim for tort under state law, he must pursue that claim in state court.  28 U.S.C. § 1367(c)(3).

18  Further, criminal statutes do not provide basis for civil lawsuits.  *See, e.g., Allen v. Gold Country*

19  *Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) (affirming dismissal of a plaintiff's claims because

20  "criminal statutes that do not give rise to civil liability").  Thus, the undersigned finds no federal

21  question for jurisdiction.

22          Because the Complaint fails to establish any basis for federal subject matter jurisdiction,

23  the Court lacks authority to adjudicate Plaintiff's claims but will afford Plaintiff an opportunity to

24  file an amended complaint if he can cure this defect.  In addition to failing to provide a basis for

25  subject matter jurisdiction, Plaintiff's Complaint does not provide a plain statement of his claims,

26  fails to allege a causal connection between Defendant and any act of wrongdoing.  In preparing an

27  amended complaint, the Court advises Plaintiff of some basis procedural and legal tenets.

28          ////

1

**B.   Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*; *see also Twombly*, 550 U.S. at 556–557.

**C.   State Actor**

Section 1983 allows a private citizen to sue for the deprivation of a right secured by federal law.  *See* 42 U.S.C. § 1983; *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 916 (2017).  "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1149 (9th Cir. 2011) (citing *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003)); *Soo Park v. Thompson*, 851 F.3d 910, 921 (9th Cir. 2017).  An individual defendant is not liable on civil rights claim unless the facts establish either the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation.  *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

City or county governments, including departments within them such as the police or sheriff's departments, cannot be held liable under section 1983 for the acts of an employee. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978).  To state a section 1983 claim against the City or County as a whole, plaintiff would have to allege that a department policy or custom caused his injuries.  *Hyun Ju Park v. City & Cty. of Honolulu*, 952 F.3d 1136, 1141 (9th Cir. 2020).

////

**CONCLUSION AND OPTIONS**

Plaintiff's Complaint fails to establish federal subject matter jurisdiction, fails to comply with Federal Rule of Civil Procedure 8, and fails to state a cognizable claim upon which relief may be granted. To continue the prosecution of this action, Plaintiff must take one of the following three options no later than June 16, 2025.

**First Option**: Because the Court cannot determine that the filing of an amended complaint cannot cure the deficiencies identified above, the Court will afford Plaintiff an opportunity to file an amended complaint if he chooses. Fed. R. Civ. P. 15(a)(2); *Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000). An amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be free-standing and complete. *Lacey v. Maricopa County*, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*); E.D. Cal. Local Rule 220. Each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should title "First Amended Complaint," include the above case number, and be an original signed and dated under penalty of perjury. Plaintiff may not change the nature of this suit or adding unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

**Second Option**: Plaintiff may file a Notice stating he intends to stand on his current Complaint subject to the undersigned recommending the district court dismiss the Complaint for the reasons stated in this Order.

**Third Option**: Because no defendant has yet been served, Plaintiff may file a Notice of Voluntarily Dismissal without prejudice under Federal Rule of Civil Procedure 41(a)(1). The Court will then dismiss this case without prejudice as a matter of law.

Alternatively, if Plaintiff fails to timely respond to this Court Order, *i.e*., fails to perform any of the three options, the undersigned will instead recommend that the district court dismiss this case as a sanction for Plaintiff's failure to comply with a court order under Local Rule 110 and/or for failing to prosecute this action under Federal Rule of Civil Procedure 41(b).

////

////

Accordingly, it is **ORDERED**:

1.      **No later than June 16, 2025**, Plaintiff shall take one of the following actions: (a) file a First Amended Complaint; (b); file a Notice that he intends to stand on the Complaint as screened subject to the undersigned recommending the district court dismiss the Complaint for the reasons stated in this Order; (c) file a Notice of Voluntary Dismissal under Fed. R. Civ. P. 41.

2.      If Plaintiff fails to timely comply with this Court Order or seek an extension of time to comply, the Court will recommend the district court dismiss this action for Plaintiff's failure to comply with this Court Order and prosecute this action.

3.      The Clerk of Court shall include a blank non-prisoner civil rights complaint form for Plaintiff's use as appropriate.


Dated:    May 15, 2025                         _Helena M. Barch-Kuchta_
                                               HELENA M. BARCH-KUCHTA
                                               UNITED STATES MAGISTRATE JUDGE