UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD BERNHARD GRAY,<br><br>Plaintiff,<br><br>v.<br><br>FRESNO POLICE DEPARTMENT,<br><br>Defendant. | Case No. 1:25-cv-00410-HBK<br><br>ORDER TO CLERK TO ASSIGN CASE TO DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATION TO DISMISS ACTION<br><br>FOURTEEN DAY DEADLINE |

Plaintiff is proceeding pro se and *in forma pauperis* on his First Amended Complaint. (Doc. Nos. 5, 7). On May 15, 2025, the Court screened Plaintiff's initial complaint and found it stated no cognizable claim, advised him of the pleading requirements and applicable law, and afforded him the opportunity to file an amended complaint. (Doc. No. 6). For the reasons set forth herein, the undersigned recommends the district court dismiss this case, without leave to further amend, because the First Amended Complaint fails to state a claim, and any further amendments would be futile.

**APPLICABLE LAW**

Because Plaintiff is proceeding *in forma pauperis*, the Court may dismiss a case "at any time" if the Court determines, *inter alia*, the action is frivolous or malicious, fails to state claim on which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C § 1915(e)(2)(B)(ii)-(iii); *see also Lopez v. Smith*, 203 F. 3d 1122, 1129 (9th

1  Cir. 2000) (section 1915(e) applies to all litigants proceeding *in form pauperis*).  A complaint,
2  however, should not be dismissed unless it appears beyond doubt that the plaintiff can prove no
3  set of facts in support of his or her claim that would entitle him to relief.  *Johnson v. Knowles,*
4  113 F.3d 1114, 1117 (9th Cir.), *cert. denied,* 552 U.S. 996 (1997).  A complaint must include a
5  short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ.
6  P. 8(a).  Dismissal for failure to state a claim in this context is governed by the same standard as
7  dismissal under Federal Rule of Civil Procedure 12(b)(6).  *Barren v. Harrington*, 152 F. 3d 1193,
8  1194 (9th Cir. 1998).  As such, a complaint must contain sufficient factual matter to state a claim
9  to relief that is "plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A complaint
10  is plausible on its face when it contains sufficient facts to support a reasonable inference that the
11  defendant is liable for the misconduct alleged."  *Id*.  At this stage, the court accepts the facts
12  stated in the complaint as true.  *Hosp. Bldg. Co. v. Rex Hosp. Tr.*, 425 U.S. 738, 740 (1976).  The
13  Court does not accept as true allegations that are merely conclusory, unreasonable inferences, or
14  unwarranted deductions.  *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).
15  Nor are legal conclusions considered facts.  *Iqbal*, 556 U.S. at 678.
16       Due to Plaintiff's pro se status, the Court must liberally construe the Complaint in the
17  light most favorable to the Plaintiff.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt*
18  *v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003).  If a pleading could be cured by the allegation
19  of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal
20  of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc); *Lucas v.*
21  *Department of Corr*., 66 F.3d 245, 248 (9th Cir. 1995).  However, it is not the role of the Court to
22  advise a litigant on how to cure the defects.  Such advice "would undermine district judges' role
23  as impartial decisionmakers."  *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d
24  at 1131 n.13.

**SUMMARY OF OPERATIVE COMPLAINT**

26       Plaintiff names Fresno Police Department as sole defendant in his First Amended
27  Complaint.  (Doc. No. 1, "FAC").  Under the "Basis of Jurisdiction" section of the FAC, Plaintiff
28  checks "Federal question."  (*Id*. at 3).  Under the section of the form where Plaintiff is directed to

provide "specific federal statutes, federal treaties, and/or provisions of the United States Constitution" as the basis of Federal Question Jurisdiction, he states "Civil rights violated. No investigation ever done. Cover up police focused on striking me out." (*Id*. at 4, unedited). Plaintiff states the amount in controversy is $85,000,000. (*Id*. at 5-6).

Due to its brevity, the Court cites in full Plaintiff's statement of claim:

> Police never did an investigation on my calls. All officers wrote same reports. I have a non response calls because they were focused on striking me out.

(*Id*. at 5, unedited). Under the relief section, Plaintiff includes: "Because police allowed me to be harassed by neighbors. When I called they do not they committed civil rights violation arrested 5-25-25." (*Id*. at 6, unedited). From what the Court can discern, liberally construed, the FAC appears to seek monetary damages for the Fresno Police Department's alleged failure to investigate his complaints of his neighbors' harassment.

## DISCUSSION

**A. Subject Matter Jurisdiction**

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "[S]ubject matter jurisdiction of the district court is not a waivable matter and may be raised at any time by one of the parties, by motion or in the responsive pleadings, or *sua sponte* by the trial or reviewing court." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n.2 (9th Cir. 1988). A federal court is presumed to lack subject matter jurisdiction, and a plaintiff bears the burden of establishing that subject matter jurisdiction is proper. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The "presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386 (1987). If a federal court lacks subject matter jurisdiction, the action must be dismissed. Fed. R. Civ. P. 12(h)(3).

A federal question is presented in an action when the claim "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The presence or absence

3

1  of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides
2  that federal jurisdiction exists only when a federal question is presented on the face of the
3  plaintiff's properly pleaded complaint. *See Gully v. First National Bank*, 299 U.S. 109, 112–113
4  (1936).

Liberally construed, the FAC suggests that Plaintiff may have been the victim of harassment by his neighbors, and that the Fresno Police Department failed to investigate or prevent these crimes. No matter how liberally construed, the Court cannot independently discern from the face of the FAC what federal question is presented. Not every action, undertaken or not undertaken, by police give rise to a constitutional violation. Here, Plaintiff's allegations do not adequately allege a custom or policy by the Fresno Police Department, the sole name defendant, or otherwise implicate the United States Constitution or any federal statutes. *See Conachen v. Boundary Cnty. Sheriff's Dep't*, 2011 WL 1655566, at *17 (D. Idaho Apr. 29, 2011) (Generally, "[s]tate officials have no constitutional duty to protect the public from crime" nor do "police officers [ ] have an affirmative duty to investigate crimes in a particular manner." (first citing *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs*., 489 U.S. 189, 200 (1989); then citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699–700 (9th Cir. 1988); and then citing *Gini v. Las Vegas Metro., Police Dep't*., 40 F.3d 1041, 1045 (9th Cir.1994))). To the extent that Plaintiff seeks to bring a claim for tort under state law, he must pursue that claim in state court. 28 U.S.C. § 1367(c)(3). Further, criminal statutes do not provide basis for civil lawsuits. *See, e.g., Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) (affirming dismissal of a plaintiff's claims because "criminal statutes that do not give rise to civil liability"). Thus, the undersigned finds no federal question for jurisdiction.

**FINDINGS AND RECOMMENDATION**

Plaintiff had an opportunity to cure the deficiencies in his initial complaint. In its prior screening order, the Court instructed Plaintiff in detail on the applicable law and pleading requirements. (*See* Doc No. 6). Despite affording Plaintiff an opportunity to correct the deficiencies in his original complaint, the FAC again fails to adequately state any plausible federal claim and largely repeats the same deficient claims alleged in the initial complaint. (*See*

4

Doc Nos. 1, 7). Because there is no federal jurisdiction for Plaintiff's cryptic claims, the undersigned finds that any further amendment would be futile and recommends the district court dismiss the FAC without further leave to amend. *McKinney v. Baca*, 250 F. App'x 781 (9th Cir. 2007) *citing Ferdik v. Bonzelet,* 963 F.2d 1258, 1261 (9th Cir. 1992) (noting discretion to deny leave to amend is particularly broad where court has afforded plaintiff one or more opportunities to amend his complaint); *see also Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (A district court can deny leave "where the amendment would be futile . . . or where the amended complaint would be subject to dismissal").

Accordingly, it is **ORDERED**:

The Clerk of Court shall randomly assign this case to a district judge.

It is further **RECOMMENDED:**

The district court dismiss the First Amended Complaint without further leave to amend.

**NOTICE TO PARTIES**

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. *Id*.; Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." The assigned District Judge will review these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated: July 23, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

5