UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD GRAY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FRESNO POLICE DEPARTMENT,<br><br>　　　　Defendant. | Case No. 1:25-cv-00410 JLT HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT<br><br>(Doc. 12) |

Richard Gray, proceeding pro se and *in forma pauperis*, initiated this action by filing a civil complaint against Fresno Police Department on April 9, 2025. (Doc. 1.) The magistrate judge conducted a preliminary review pursuant to 28 U.S.C. § 1915(e)(2)(B), and found Plaintiff failed to set forth a basis for jurisdiction and failed to state a cognizable claim for relief. (Doc. 6 at 1, 6-7.) The court granted Plaintiff leave to amend his complaint. *Id*. Plaintiff filed a First Amended Complaint on June 16, 2025. (Doc. 7.) The magistrate judge screened the FAC and on July 23, 2025, issued Findings and Recommendations recommending that the FAC be dismissed without prejudice for Plaintiff's failure to allege federal question jurisdiction. (Doc. 9 at 4-5.) The Court notified Plaintiff that any objections thereto were to be filed within fourteen days. (*Id.*) Plaintiff did not respond within the fourteen-day deadline. On August 18, 2025, the Court performed a *de novo* review of the matter, adopted the Findings and Recommendations, dismissed the action without prejudice, and entered judgment. (Docs. 10, 11.)

Plaintiff now moves to reopen the case, stating his mail was stolen so he could not object to the Findings and Recommendations within the fourteen-day period. (Doc. 12 at 1.) Because this motion was filed within 28 days of the final judgment that is being challenged, the Court construes the Motion as one made pursuant to Federal Rule of Civil Procedure 59(e) to modify the judgment. (*Id.*)

Federal Rule of Civil Procedure 59(e) permits a party to move a court to alter or amend its judgment. "A district court may grant a Rule 59(e) motion if it 'is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (internal quotation marks, citation omitted) (emphasis in original). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Ultimately, whether to grant or deny a motion for reconsideration is in the "sound discretion" of the district court. *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona*, 229 F.3d at 883). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n. 5 (2008) (internal quotation marks omitted).

Plaintiff does not dispute the underlying facts and analysis concerning Finding and Recommendations, which formed the basis of the Court's order. (*See generally* Doc. 9.) Rather, Plaintiff contends that due to extenuating circumstances of his neighbors stealing his mail, he did not receive the Finding and Recommendations until three days before the objection period lapsed. (Doc. 12 at 1.) However, Plaintiff waited over a month after the time to file objections had passed to file the Motion before the Court. (*Id.*) In effect, Plaintiff contends that his failure to meet the Court's deadlines was excusable neglect. However, "mistake or excusable neglect" is not a recognized basis for Rule 59(e) reconsideration. *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (recognizing manifest error of law or fact, newly discovered evidence or previously unavailable evidence, manifest injustice, and intervening change in controlling law as cognizable grounds for Rule 59(e) reconsideration); *see also Mendoza v. Garland*, 2023 WL

6050581, at *2 (S.D. Cal. Sept. 15, 2023) (denying Rule 59(e) motion based on mistake or excusable neglect). Thus, Plaintiff's failure to comply with court deadlines due to extenuating circumstances, by itself, is not a basis for granting reconsideration.

Nor does Plaintiff set forth facts showing that manifest injustice would result if the Court denied his motion. "Courts of the Ninth Circuit generally treat 'manifest injustice' as very nearly synonymous with 'clear error,' defining manifest injustice as any 'error in the trial court that is direct, obvious and observable, such as a defendant's guilty plea that is involuntary.'" *Greenspan v. Fieldstone Fin. Mgmt. Grp., LLC*, 2018 WL 4945214, at *20 (D. Or. Aug. 22, 2018); *see also In re Oak Park Calabasas Condominium Ass'n*, 302 B.R. 682, 683 (Banks. C.D. Cal. 2003) (citing Black's Law Dictionary 563 (7th ed. 1999)) (defining manifest injustice under Rule 59(e)). "Manifest injustice," as it pertains to Rule 59(e), is not to be used as a Trojan Horse to breach a court order for a second chance at litigating the same issue. *All. for Wild Rockies v. United States Forest Serv.*, 2020 WL 7082687, at *2 (D. Idaho Dec. 3, 2020). Plaintiff has not set forth any facts to indicate a "direct, obvious and observable" error by the Court that would constitute manifest injustice, thus he fails to meet his burden to justify reconsideration on that basis.

Ultimately, Plaintiff's motion consists of reasons he was unable to comply with court deadlines, despite over two-weeks passing after the time Plaintiff claims he received the Finding and Recommendations and before judgment was entered in this case.[1] Plaintiff fails to present any newly discovered evidence, show that the Court committed clear error, or argue an intervening change in controlling law that would necessitate alteration or amendment of the judgment. *Wood*, 759 F.3d at 1121. Rather, Plaintiff merely states that he should have a chance to amend his complaint because he did not receive the Finding and Recommendation on the date service was docketed, which is insufficient to support the relief requested.

///

///

---

[1] Plaintiff had fourteen days to object to the Finding and Recommendations issued on July 23, 2025, making the deadline to reply August 6, 2025. (Doc. 9 at 5.) Nevertheless, the Court did not issue judgment in this case until August 18, 2025. (Docs. 10, 11.) Plaintiff filed a motion to reopen the case on September 15, 2025. (Doc. 12.)

3

1  Accordingly, the Court **ORDERS**: Plaintiff's Objections, construed as a Motion to
2  Amend Judgment, (Doc. 12), is **DENIED**.

IT IS SO ORDERED.

Dated: __**September 29, 2025**__              _/s/ Jennifer L. Thurston_
                                              UNITED STATES DISTRICT JUDGE

4